UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARY DENNIS HARMON, DAVIYETTE SHANET ADDISON, KENNEDY COPELAND, ENRIQUE A. EDWARDS, WILLIAM EDWARDS, JAMES HALLENBERG, MICHAEL ROSSER, and DOUGLAS RANDOLPH SEWELL, <br><br> Plaintiffs, <br><br> v. <br><br> FULTON COUNTY, GEORGIA, <br><br> Defendant. | Civil Action File No. <br> _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW the above-named Plaintiffs who bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA" or the "Act"), for unpaid overtime compensation, liquidated damages, attorneys' fees, reasonable expenses of litigation, and other authorized relief under the Act, on the grounds set forth below:

### INTRODUCTION

1.

Defendant Fulton County ("Defendant" or "County") violated the FLSA by

misclassifying Plaintiffs as exempt employees under the FLSA and willfully failing to pay them overtime compensation calculated at one and half times their hourly rate for all hours worked during each workweek where they worked in excess of forty (40) hours.

## PARTIES

2.

Plaintiffs Gary Dennis Harmon, Daviyette Shanet Addison, Kennedy Copeland, Enrique A. Edwards, William Edward, James Hallenberg, Michael Rosser, and Douglas Randolph Sewell (collectively, "Plaintiffs") are employed by the County as Network Specialists (salary band C41) in its Information Technology Department ("IT").

3.

The County is a political subdivision of the State of Georgia and an "employer" within the meaning of FLSA. *See* 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

4.

This Court has general subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337, as well as under 29 U.S.C. § 216(b). This Court also has personal jurisdiction over the County.

5.

Venue is proper in this Court because the events giving rise to this action occurred in this judicial district and division.

## FACTS

### Plaintiffs' Job Duties

6.

Plaintiffs' job responsibilities as Network Specialists include: implementation and installation of components for Local and Wide Area Network (LAN/WAN) systems, reviewing and resolving issues with the County's IT systems, providing personal computer and network support to County departments, configuring personal computers for County employees, and ordering hardware applications for County computers.

7.

Plaintiffs are non-exempt employees that perform duties that entitle them to overtime compensation under the FLSA.

8.

Plaintiffs do not perform duties that would exempt them from entitlement to overtime pay since they have not worked and do not work for the County as computer systems analysts, computer programmers, software engineers, or other

similarly skilled workers in the computer field.

9.

The nature of Plaintiffs' job duties preclude the County from relying on any recognized exemption to the FLSA's requirements regarding employer record keeping and overtime compensation for non-exempt employees.

### The County's Knowledge that Plaintiffs were Misclassified

10.

In 2010, the County conducted an internal audit to assess the kind of work Network Specialists perform. The audit determined the County had improperly classified Plaintiffs as "exempt" from the FLSA's overtime requirements.

11.

Even though the County was made aware, as early as 2010, that it had misclassified Plaintiffs as "exempt" employees under the FLSA, the County willfully and knowingly continued to treat all Network Specialists as "exempt" under the FLSA until May 18, 2015, and deny them overtime compensation.

12.

On May 18, 2015, the County finally complied with its own audit and officially reclassified the Plaintiffs as non-exempt employees entitled to overtime compensation under the FLSA. The nature and scope of Plaintiffs' job duties,

however, remained the same both before and after the reclassification.

### The County's Failure to Properly Compensate Plaintiffs for Overtime Hours

13.

While they were misclassified as exempt employees, the County paid Plaintiffs an hourly rate for all hours worked up to forty (40) hours in a workweek.

14.

Despite its knowledge that Plaintiffs were misclassified, the County did not pay Plaintiffs one and a half times their regular hourly rates for hours worked over forty (40) hours in a workweek.

15.

The County sporadically gave employees it classified as exempt, including Plaintiffs, compensatory time off from work ("comp time") on an hour-for-hour basis to compensate them for hours worked in excess of forty (40) hours in a workweek.

16.

Plaintiffs did not agree to accept "comp time" in lieu of pay for overtime hours worked.

17.

The County's own Personnel Regulation 1200-7 requires that non-exempt employees like Plaintiffs be compensated for overtime hours worked with either "comp time" or monetary payments calculated at a rate of one and a half times their regular hourly rates.

18.

The County's calculation of the "comp time" due to Plaintiffs' by offering one hour of "comp time" for each hour of overtime hour worked violated the FLSA's provisions and its own Regulations governing the use of "comp time" for public sector employees.

19.

If Plaintiffs clocked out before the end of their scheduled eight-hour shift, the County mandated that they use their earned "comp time" or other earned leave time to fill out the eight-hour shift, or, if the Plaintiffs failed to do so, the County paid Plaintiffs only for the hours worked.

**Plaintiffs Worked Substantial Overtime Hours**

20.

The County has required Plaintiffs to perform "on-call" duty after regular working hours for extended periods of time. "On-call" duty started at the end of

the Plaintiffs' regular shifts and continued until the start of their next regular shift.

21.

"On-call" time is compensable under the FLSA. Plaintiffs were not compensated for the time they spent "on-call."

22.

While "on-call," Plaintiffs received email alerts notifying them of network infrastructure issues with the County's computer systems.

23.

Plaintiffs were required to log in to the County's IT system and respond to the email alerts within thirty (30) minutes of receipt pursuant to County policy.

24.

Plaintiffs were required to spend significant time while "on-call" working to resolve network infrastructure problems.

25.

At times, Plaintiffs were required to report to the County's offices while working "on-call" hours.

26.

Plaintiffs' "on-call" work hours regularly caused Plaintiffs to work in excess of forty (40) hours per workweek, but Plaintiffs were not paid one and half times

their hourly for such overtime hours.

27.

At all times relevant, the County knew that its practices requiring "on-call" hours caused Plaintiffs to work in excess of forty (40) hours per workweek without compensation.

28.

The County also had an official policy and practice of prohibiting Plaintiffs from recording all hours worked.

29.

For example, Plaintiffs were required to complete certain projects that required that they work past the end of their regularly scheduled work shifts.

30.

On such occasions, Plaintiffs were instructed not to clock out so their actual hours worked were not recorded. Instead, Plaintiffs were subsequently given "credit" just for an eight-hour shift even though they worked significantly more "off the clock" hours for which they were not paid during these extended shifts.

31.

At all times relevant, the County knew that Plaintiffs were working significant hours "off the clock" without compensation.

32.

The County's requirement that Plaintiffs work "off the clock" hours regularly caused Plaintiffs to work in excess of forty (40) hours per workweek, but Plaintiffs were not paid one and half times their hourly for such overtime hours.

### COUNT I: UNPAID OVERTIME

33.

The above allegations in paragraphs 1 through 32 are incorporated by reference as if fully set forth herein in support of Plaintiffs' claims for relief for unpaid overtime wages.

34.

Plaintiffs allege that the County implemented and enforced unlawful policies and practices in violation of the FLSA by:

(1) knowingly and willfully misclassifying Plaintiffs as exempt employees under the FLSA;

(2) failing to keep accurate time records of all hours worked by Plaintiffs on behalf of the County;

(3) prohibiting Plaintiffs from accurately reporting hours worked in excess of forty (40) during workweeks; and

(4) failing or refusing to compensate Plaintiffs for all overtime

hours worked at one and one-half times their regular hourly rate(s) of pay.

35.

The County's actions in misclassifying Plaintiffs and failing to pay them for overtime hours were intentional and in willful violation of the FLSA because the County was aware of its misclassification as early as 2010 but failed to remedy it.

36.

Because the County's actions were intentional and willful, Plaintiffs are entitled to back pay for all overtime hours worked for a period of three years prior to the filing of this Complaint pursuant to 29 U.S.C. § 255.

37.

Plaintiffs are entitled to damages in the form of:

(1) compensation for all unpaid overtime hours worked by Plaintiffs at the rate of one and one half times their regular hourly rate for three years preceding the filing of this Complaint; and

(2) compensation at a rate of one-half times Plaintiffs' regularly hourly rate for all overtime hours worked for which Plaintiffs were compensated with "comp time" paid at only their regular

hourly rate.  *See* 29 U.S.C. §§ 216 and 255.

38.

Plaintiffs are entitled to liquidated damages in an amount equal to their unpaid wages set forth in the preceding Paragraph 35.  *See* 29 U.S.C. § 216(b).

39.

Plaintiffs are entitled to their reasonable attorneys' fees and costs of bringing this action.  *See* 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

1. Enter a declaratory judgment that the policies and practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

3. Award Plaintiffs back pay damages for all unpaid overtime hours worked and all overtime hours worked for which Plaintiffs were compensated at less than the required rate of one and one half times their hourly rate;

4. Compensate, reimburse and make Plaintiffs whole for any and all benefits they would have received had it not been for Defendant's unlawful pay practices, including retirement and other benefits;

5. Award Plaintiffs liquidated damages in an amount equal to their damages in this case;

6. Award Plaintiffs pre- and post-judgment interest at the maximum rates allowable by law where applicable;

6. Award Plaintiffs all costs incurred in bringing this action and reasonable attorneys' fees;

7. A trial by jury on all issues so triable; and

8. Grant such additional relief as this Court deems just and proper.

Respectfully submitted, this 20th day of August, 2015.

_____
A. Lee Parks
Georgia Bar No. 563750
lparks@pcwlawfirm.com
M. Travis Foust
Georgia Bar. No. 104996
tfoust@pcwlawfirm.com
Melissa A. Carpenter
Georgia Bar No. 385004
mcarpenter@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA  30309
(404) 873-8000 Telephone
(404) 873-8050 Facsimile
*Counsel for Plaintiffs*