# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GARY DENNIS HARMON, ) <br> DAVIYETTE SHANET ADDISON, ) <br> KENNEDY COPELAND, ENRIQUE ) <br> A. EDWARDS, WILLIAM ) <br> EDWARDS, JAMES HALLENBERG, ) <br> MICHAEL ROSSER, and DOUGLAS ) <br> RANDOLPH SEWELL, ) <br>          ) <br>     Plaintiffs,    ) <br>          ) <br> v.         ) <br>          ) <br> FULTON COUNTY, GEORGIA,  ) <br>          ) <br>     Defendant.    ) | Civil Action File No. <br><br> 1:15-cv-02959-AT <br><br> **JURY TRIAL DEMANDED** |

## JOINT MOTION TO APPROVE SETTLEMENT

COME NOW the above-named Plaintiffs and Defendant and jointly move this Court to approve the Parties' settlement of Plaintiffs' claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for unpaid overtime compensation, liquidated damages, attorneys' fees, reasonable expenses of litigation, and other authorized relief under the FLSA, on the grounds set forth below:

1.     Plaintiffs filed their Complaint on August 20, 2015, and Defendant filed its Answer and Defenses to the Complaint on October 20, 2015. Plaintiffs

presented individual claims and are not seeking certification of a collective action under the FLSA.

2. On November 20, 2015, the Parties promptly requested that the Court, stay the proceedings in this matter so that the Parties could explore the possibility of an early resolution of this matter.

3. On January 13, 2016, the Court ordered the Parties to mediate their claims with Chad A. Shultz, Esq., an experienced FLSA attorney and mediator at Gordon & Rees, LLP.

4. The Parties participated in a day-long mediation with Mr. Shultz on February 9, 2016, and reached a proposed settlement of Plaintiffs' claims.

5. Specifically, Plaintiffs are eight (8) Information Technology Network Specialists currently or previously employed by Defendant in its Information Technology Department.

6. Plaintiffs contend that they were misclassified as exempt employees under the FLSA until May 20, 2015, at which time Defendant began treating Plaintiffs as non-exempt for purposes of the FLSA.

7. Plaintiffs contend they are entitled to overtime compensation for hours spent working on-call and off-the-clock in excess of 40 hours during particular workweeks while they were classified as exempt employees by

Defendant.

8. Defendant denies that Plaintiffs are entitled to overtime compensation and disputes the number of overtime hours claimed by Plaintiffs.

9. The Parties agree that establishing or refuting the number of overtime hours claimed by each Plaintiff would be a fact, labor and time intensive endeavor. To minimize the risks of further litigation and prevent the incurrence of unnecessary litigation costs, and upon the advice of experienced counsel, the Parties have reached a reasonable resolution and compromise of Plaintiffs' claims, subject to the Court's approval, as set forth in the Parties' Settlement Agreement that is attached hereto as Exhibit 1.

10. Pursuant to the terms of the Settlement Agreement, Defendant has agreed to pay Plaintiffs the sum of $296,100.00 in satisfaction of Plaintiffs' claims for unpaid overtime and liquidated damages under the FLSA.

11. The settlement sum is allocated to each individual Plaintiff and divided equally between back pay and liquidated damages for each Plaintiff as set forth in Paragraph 2(a-e) of the Settlement Agreement.

12. Additionally, Defendant has agreed to pay the sum of $153,900.00 directly to Plaintiffs' attorneys as attorneys' fees, costs, and expenses of litigation (including full mediation costs). The Parties agree that the amount of fees paid to

Plaintiffs' counsel under the Settlement Agreement is fair and reasonable. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, *3-4 (M.D. Fla. Dec. 26, 2006) (The FLSA does not require the court to assess the fairness of an *agreed* payment of attorneys' fees in settling individual actions).

13. The Parties acknowledge and agree that the terms of the Settlement Agreement constitute a fair and reasonable settlement of Plaintiffs' pending FLSA claims.

Accordingly, the Parties hereby respectfully request that the Court approve their settlement pursuant to *Lynn's Food Stores, Inc. v. United States of Am.*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Respectfully submitted this 19th day of February, 2016.

| | |
|---|---|
| */s/ M. Travis Foust* | */s/ Kristen B. Williams* |
| A. Lee Parks | Kaye Woodard Burwell |
| Georgia Bar No. 563750 | Georgia Bar No. 775060 |
| lparks@pcwlawfirm.com | kaye.burwell@fultoncountyga.gov |
| M. Travis Foust | Dominique Martinez |
| Georgia Bar. No. 104996 | Georgia Bar No. 430323 |
| tfoust@pcwlawfirm.com | dominique.martinez@fultoncountyga.gov |
| Melissa A. Carpenter | Kristen B. Williams |
| Georgia Bar No. 385004 | Georgia Bar No. 515324 |
| mcarpenter@pcwlawfirm.com | kristen.williams@fultoncountyga.gov |
| | |
| **PARKS, CHESIN & WALBERT, P.C.** | **OFFICE OF THE FULTON COUNTY ATTORNEY** |
| 75 Fourteenth Street, Suite 2600 | 141 Pryor Street, S.W., Suite 4038 |
| Atlanta, GA 30309 | Atlanta, Georgia 30303 |
| 404-873-8000 phone | 404-612-0246 phone |
| 404-873-8050 fax | 404-730-6324 fax |
| | |
| ***ATTORNEYS FOR PLAINTIFFS*** | ***ATTORNEYS FOR DEFENDANT*** |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1, I hereby certify that the foregoing was prepared in one of the font and point selections approved by the Court in Local Rule 5.1 (Times New Roman, 14 point).

*/s/ M. Travis Foust*
M. Travis Foust
Georgia Bar. No. 104996

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2016, I electronically filed the foregoing **JOINT MOTION TO APPROVE SETTLEMENT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

*/s/ M. Travis Foust*
M. Travis Foust
Georgia Bar. No. 104996

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into by the undersigned counsel for Gary Harmon, Daviyette Addison, Kennedy Copeland, Enrique Edwards, William Edwards, James Hallenberg, Michael Rosser and Douglas Sewell (collectively "Plaintiffs") as parties of the first part, and Fulton County, Georgia ("Fulton County") as the party of the second part (collectively referred to as the "Parties"), and effective as of the date of the last of the Parties' signatures, below.

WHEREAS, Plaintiffs filed a lawsuit against Fulton County in the United States District Court for the Northern District of Georgia, Atlanta Division, styled as, *Harmon et al., v. Fulton County, Georgia*, Case No. 1:15-cv-02959-AT (the "Civil Action"), in which they alleged violations of the Fair Labor Standards Act ("FLSA") ; and

WHEREAS, in the above-referenced lawsuit, Plaintiffs have asserted claims under the FLSA seeking back pay, benefits, liquidated damages, pre- and post-judgment interest, costs of litigation and attorneys' fees (the "Claims"); and

WHEREAS, Fulton County answered the Complaint denying Plaintiffs' allegations and asserting various affirmative defenses thereto; and

WHEREAS, on February 9, 2016, by order of the Court, the Parties engaged in mediation in an effort to avoid the uncertainties and further burdens of litigation and the attendant delays that might ensue, and have now agreed to settle, fully and finally, all Claims set forth in the Civil Action, subject to approval by the Fulton County Board of Commissioners (the "Board") and the Court. In consideration of the payments and the mutual promises described below, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## Terms and Conditions of Settlement

1. <u>Consideration</u>:  In consideration for signing the Agreement and complying with its terms, Fulton County shall pay to Plaintiffs the amount of $450,000.00 in full satisfaction of any and all claims pending in the Civil Action to be allocated and paid as described herein within thirty (30) days after the Court's approval of this final settlement of the Civil Action.

2. <u>Payments to Plaintiffs:</u>  Payments to Plaintiffs shall be allocated as follows:

   a. One check for back pay made payable to Daviyette Addison in the amount of $3,512.98, subject to standard payroll taxes and withholdings;

**EXHIBIT 1**

 b. One check for liquidated damages made payable to Daviyette Addison in the amount of $3,512.97, to be issued with a Form 1099;

 c. One check for back pay made payable to Kennedy Copeland in the amount of $16,099.12, subject to standard payroll taxes and withholdings;

 d. One check for liquidated damages made payable to Kennedy Copeland in the amount of $16,099.11, to be issued with a Form 1099;

 e. One check for back pay made payable to Enrique Edwards in the amount of $39,756.25, subject to standard payroll taxes and withholdings;

 f. One check for liquidated damages made payable to Enrique Edwards in the amount of $39,756.25, to be issued with a Form 1099;

 g. One check for back pay made payable to William Edwards in the amount of $4,160.93, subject to standard payroll taxes and withholdings;

 h. One check for liquidated damages made payable to William Edwards in the amount of $4,160.92, to be issued with a Form 1099;

 i. One check for back pay made payable to James Hallenberg in the amount of $8,578.12, subject to standard payroll taxes and withholdings;

 j. One check for liquidated damages made payable to James Hallenberg in the amount of $8,578.12, to be issued with a Form 1099;

 k. One check for back pay made payable to Gary Harmon in the amount of $26,381.61, subject to standard payroll taxes and withholdings;

 l. One check for liquidated damages made payable to Gary Harmon in the amount of $26,381.61, to be issued with a Form 1099;

 m. One check for back pay made payable to Michael Rosser in the amount of $36,422.92, subject to standard payroll taxes and withholdings;

    n.  One check for liquidated damages made payable to Michael Rosser in the amount of $36,422.91, to be issued with a Form 1099;

    o.  One check for back pay made payable to Douglas Sewell in the amount of $13,138.09, subject to standard payroll taxes and withholdings;

    p.  One check for liquidated damages made payable to Douglas Sewell in the amount of $13,138.09, to be issued with a Form 1099;

  3.  <u>Plaintiffs' Attorneys' Fees and Expenses:</u>  Fulton County shall pay the sum of $153,900.00 ("Fee Payment") directly to Plaintiffs' attorneys, Parks, Chesin & Walbert, P.C. ("Firm") as attorneys' fees, costs, and expenses of litigation (including mediation costs).

  4.  <u>Employer Payroll Taxes:</u>  Fulton County is responsible for paying all employer payroll taxes associated with the payment of the consideration recited in Paragraphs 2(a), (c), (e), (g), (i), (k), (m), and (o) of this Agreement.

  5.  <u>Release:</u>  Each Plaintiff will execute a release in the form provided for in Attachment A, irrevocably and unconditionally releasing and discharging Fulton County and its agents, employees, attorneys, officers, elected officials, departments, insurers, and assigns (hereinafter collectively referred to as "Releasees") from the Claims asserted in the Civil Action, subject to and contingent on the approval of this Agreement by the Board and the Court.  The original of each Plaintiff's release and any required W-9 shall be delivered to Fulton County before the Plaintiff receives his or her settlement compensation required under this Agreement.

  6.  <u>Board of Commissioners' Approval:</u>  This Agreement will be submitted for approval to the Fulton County Board of Commissioners at its next scheduled meeting on February 17, 2016, and will not become binding on Fulton County until approved by the Board.

  7.  <u>Joint Motion to Approve Settlement and Stipulation for Voluntary Dismissal with Prejudice:</u>  This Settlement Agreement, including Fulton County's payment obligation, is conditioned upon Plaintiffs' execution of this Agreement and the individual releases, and upon the review and approval of the final settlement by the Court. Accordingly, the Parties will file a joint motion for approval of the settlement agreement and stipulation for voluntary dismissal with prejudice as required by the Court's August 28, 2015 Order.  Fulton County shall not be obligated to make the payments set forth in Paragraphs 2 and 3 until the Court has entered an order approving the Settlement of the Civil Action.

8.      <u>Affirmations</u>:   The Plaintiffs represent and agree that they have not assigned, and will not assign, any of the Claims released herein.  Plaintiffs also affirm that, except for the Claims made in the Civil Action, they have not filed, directly or indirectly, nor caused to be filed, any of the Claims released herein against Fulton County or any of the other Releasees in any forum, including federal, state or local court, in arbitration, or in any administrative proceeding with any federal, state or local administrative agency.  Neither Plaintiffs nor their Counsel shall be permitted to ask any court or other forum to award further amounts of any kind related to the Civil Action, including, without limitation, for any attorneys' fees, costs or expenses of litigation.

9.      <u>No Admission of Wrong Doing</u>: This Agreement has been entered into by the Parties solely to avoid the further burdens of litigation. The Parties agree and acknowledge that this Agreement is the result of a compromise and is not and shall never at any time or for any purpose be construed as an admission by Fulton County or any of the other Releasees of any liability or wrongdoing.  Fulton County and the other Releasees expressly deny any wrongdoing and specifically disclaim any liability to Plaintiff or to any other person or entity.   The Parties agree that this Agreement is not evidence, and shall not raise an inference, that Fulton County or any other Releasee engaged in any unlawful or wrongful conduct.

10.     <u>Interpretation and Construction</u>: Should any provision of this Agreement require interpretation or construction, the Parties agree that the person or entity interpreting or construing this Agreement shall not more strictly construe the provision against the party who prepared the Agreement, it being agreed that all Parties, by their respective attorneys, have participated in the preparation of all provisions of this Agreement.

11.     <u>Modification:</u>   The Parties further acknowledge, understand, and agree that this Agreement may not be modified or canceled in any manner, nor may any provision of it or any legal or equitable remedy with respect to it be waived, except in writing signed by the Parties.  The Parties further agree to execute any other agreement, consent, release, waiver, or other document or form determined to be necessary to enforce or give effect to the intent of this Agreement or any provision hereof.

12.     <u>Entire Agreement:</u> This Agreement contains the entire agreement between the Parties as to the subject matter hereof.  The Parties hereby acknowledge and agree that there have been no offers or inducements which have led to the execution of this Agreement other than as stated herein.

13.     <u>Execution:</u>  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

- 5 -

IN WITNESS WHEREOF, the undersigned counsel for all Parties have executed this Agreement this _____ day of February, 2016.

**Fulton County, Georgia**

_____   _____
M. Travis Foust                                        Patrise Perkins-Hooker
Attorney for Plaintiffs on behalf of         Attorney for Fulton County, Georgia
Plaintiffs and the Firm

Approved:

**Fulton County, Georgia**

By:_____
        John A. Eaves

Title:  Chairman Fulton County Board of
          Commissioners

# EXHIBIT A

# RELEASE OF CLAIMS
# UNDER THE SETTLEMENT AGREEMENT AND LIMITED RELEASE

The Plaintiff identified below individually and on behalf of their successors, now and forever unconditionally releases and discharges Fulton County and its agents, employees, attorneys, officers, elected officials, departments, insurers, and assigns (hereinafter collectively referred to as "Releasees") from any and all claims of back pay, benefits, liquidated damages, pre- and post-judgment interest, costs of litigation and attorneys' fees (the "Claims") asserted in *Harmon et al., v. Fulton County, Georgia*, Case No. 1:15-cv-02959-AT (the "Civil Action"), subject to and contingent on the approval of the Fulton County Board of Commissioners and the Court of the Settlement Agreement and Release.

This release is given in exchange for the payment of $_____$, which shall be divided equally between back pay and liquidated damages as more fully described in paragraph 2 of the Agreement.

I have carefully read the Settlement Agreement and Release, the terms of which are incorporated herein by reference, and this Release of Claims, and fully understand what it means, and I am signing it voluntarily. I understand that I may not make any changes to this Release.

_____
Signature

_____
Print Name

_____
Date